UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re | § | Chapter 11 |
| | § | |
| NEW WORLD CONTRACTING, LLC[1] | § | Case No. 25-31944-SGJ-11 |
| | § | |
| DEBTOR. | § | |

### DEBTOR'S MOTION TO EXTEND TIME TO FILE SUBCHAPTER V PLAN

**TO THE HONORABLE STACEY G.C. JERNIGAN, UNITED STATES BANKRUPTCY COURT CHIEF JUDGE:**

COMES NOW, New World Contracting, LLC, debtor and debtor-in-possession in the above-captioned case (the "Debtor"), and files this Emergency Motion to Extend Time to File Subchapter V Plan (the "Motion"), and in support respectfully states as follows:

#### I.  JURISDICTION AND VENUE

This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334(b). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The statutory bases for the relief requested herein are 11 U.S.C. §§ 327(a), 328, 330, and 331 and Federal Rules of Bankruptcy Procedure 2002, 2014, and 6004. Venue is proper with the Bankruptcy Court pursuant to 28 U.S.C. Section 1408.

#### II.  FACTUAL BACKGROUND

The Debtor is a Texas corporation filing under Subchapter V of Chapter 11, Title 11, on the United States Bankruptcy Code.

The Debtor operates a construction business with a concentration on federally funded road and highway construction projects.

---

[1] The last four digits of the Debtor's EIN is 1596

Pursuant to §1189(b), the Debtor is required to file a plan of reorganization within 90 days of the petition date, which is August 26th, 2025 (the "Plan Deadline"), unless the Court extends the deadline under circumstances for which the Debtor should not justly be held accountable.

### III.　BASIS FOR RELIEF

Section 1189(b) provides that the Court may extend the 90-day period for filing a Subchapter V plan if "the need for the extension is attributable to circumstances for which the debtor should not justly be held accountable."

The Debtor seeks a modest extension of the Plan Deadline because Debtor's Counsel has experienced unexpected health issues during the last month and has been unable to schedule a meeting between the Debtor and a potential strategic partner who may potentially assist the Debtor secure future projects.

The delay is not due to lack of diligence, but rather to circumstances outside the Debtor's control. The Debtor has proceeded in good faith and is actively working to finalize its plan.

Granting the requested extension will not prejudice creditors and will aid in ensuring the Debtor can propose a confirmable plan.

### IV.　REQUESTED EXTENSION

The Debtor respectfully requests that the Court extend the Plan Deadline by sixty days through and including October 27th, 2025, or such other date as the Court deems just and proper.

### V.　EMERGENCY RELIEF

Emergency consideration of this Motion is necessary because the plan deadline is imminent, and without Court approval, the Debtor risks losing the ability to file a plan under Subchapter V.

The Debtor certifies that the relief requested herein is urgent and requires expedited consideration.

WHEREFORE, PREMISES CONSIDERED, the Debtor respectfully requests that this Court enter an Order:

1. Extending the deadline for the Debtor to file its Subchapter V Plan to October 27th, 2025;

2. Granting emergency consideration of this Motion; and

3. Granting such other and further relief to which the Debtor may be justly entitled.

Dated: August 20th, 2025.

Respectfully submitted,

THE WILEY LAW GROUP, PLLC

*/s/ Kevin S. Wiley, Sr.*
Kevin S. Wiley, Sr.
Texas State Bar No. 21470700
325 N. St. Paul Street, Suite 2250
Dallas, TX 75201
Tel. (214) 537-9572
Fax (972) 449-5717
kwiley@wileylawgroup.com
*Counsel for the Debtors,*
*New World Contracting, LLC*

## CERTIFICATE OF SERVICE

The undersigned certifies that true and correct copies of this Motion to Extend Time to File the Plan were forwarded to the Subchapter V Trustee, the U.S. Trustee, and the Creditors on the attached mailing list via electronic mail on this 20th day of August 2025.

*/s/ Kevin S. Wiley, Sr.*